1  DAWN SESTITO (S.B. #214011)
   dsestito@omm.com
2  R. COLLINS KILGORE (S.B. #295084)
   ckilgore@omm.com
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  18th Floor
   Los Angeles, California  90071-2899
5  Telephone:  +1 213 430 6000
   Facsimile:  +1 213 430 6407
6
7  Attorneys for Defendants
   Trader Joe's Company and T.A.C.T. Holding,
8  Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA WONG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY; T.A.C.T. HOLDING, INC.; DOE DEFENDANTS 1-5;<br><br>Defendants. | Case No. **'18CV0869 JLS   JLB**<br><br>**NOTICE OF REMOVAL**<br><br>(San Diego Superior Court Case No.: 37-2018-00014504-CU-BC-CTL)<br><br>Complaint Filed: March 22, 2018 |

NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Trader Joe's Company ("Trader Joe's") and T.A.C.T. Holding, Inc. ("TACT")[1] (together, "Defendants") hereby remove this action pursuant to U.S.C. §§ 1332(d), 1441(a), and 1446, from the Superior Court for the State of California for the County of San Diego to the United States District Court for the Southern District of California. Removal is proper because this is a putative class action that satisfies the jurisdictional prerequisites under the Class Action Fairness Act ("CAFA"). Here, the proposed plaintiff class consists of over 100 members, and minimal diversity exists because Defendants are citizens of California and the putative class includes citizens of other states. Additionally, the amount in controversy exceeds $5,000,000. This Notice of Removal is timely because it has been filed within thirty days of the date Defendants were served with the summons and complaint. *See* 28 U.S.C. § 1446(b).

**PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL**

1. On March 22, 2018, Plaintiff Serena Wong ("Plaintiff") filed a putative class action against Defendants in the Superior Court for the State of California, County of San Diego, captioned *Wong v. Trader Joe's Company, et al.*, Case No. 37-2018-00014504-CU-BC-CTL (the "Superior Court Action").

2. Plaintiff served Defendants with the Superior Court Action Summons and Complaint on April 4, 2018. This Notice of Removal is therefore timely because it is filed within thirty days of service on Defendants. *See* 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached as **Exhibit 1** a copy of all process, pleadings, and orders served upon Defendants in the Superior Court Action.

4. Plaintiff purports to bring this action on behalf of purchasers of Trader Joe's Sour Gummies (the "Product") on or after January 1, 2012. Compl. ¶ 98. Specifically, she seeks to represent a putative class consisting of "[a]ll U.S. citizens

---

[1] TACT is a holding company with no role in marketing or advertising Trader Joe's products.

1  NOTICE OF REMOVAL

who purchased the Product in their respective state of citizenship on or after January 1, 2012 and until the Class is certified, for personal use and not for resale…" *Id.* Plaintiff also seeks to certify a California sub-class defined as "[a]ll California citizens" who purchased the Product during the same time period. *Id.* ¶ 98.

5. Plaintiff alleges that Trader Joe's deceptively marketed the Product because the Product allegedly fails to disclose on the label that it contains an artificial flavoring, d-l malic acid, and allegedly misleadingly identifies d-l malic acid only as "malic acid" on the label, giving consumers the misleading impression that the ingredient is naturally-occurring when it is not. *Id.* ¶¶ 41-44, 46.

6. On behalf of Plaintiff and the putative class, the Complaint alleges claims against Defendants for violation of California's (1) Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (2) Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (4) breach of express warranty; (5) breach of implied warranty; and (6) negligent misrepresentation. *See* Compl. ¶¶ 115–188.

7. Plaintiff seeks declaratory relief, damages, restitution, punitive damages, injunctive relief, an award of pre-judgment and post-judgment interest, and attorneys' fees and costs. *Id*. at 24-25 (Prayer for Relief).

**JURISDICTION AND BASIS FOR REMOVAL**

8. This action is removable pursuant to 28 U.S.C. § 1441(a) because this is an action over which this Court has original jurisdiction.

9. This Court possesses original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions (1) involving a plaintiff class of 100 or more members; (2) where any member of the proposed class is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be

read broadly" (internal quotation marks omitted)). These conditions are satisfied here for the reasons set out below.

### The Plaintiff Class Consists of Over 100 Members

10. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); *see* Compl. ¶¶ 97–114. Plaintiff purports to bring claims on behalf of "[a]ll U.S. citizens who purchased the Product in their respective state of citizenship on or after January 1, 2012…" *Id.* ¶ 98. Plaintiff also alleges that the number of class members is "at minimum in the tens of thousands." *Id.* ¶ 103. Accordingly, the aggregate number of class members exceeds 100 persons. *See* 28. U.S.C. § 1332(d)(5)(B).

### There is Minimal Diversity of Citizenship

11. Minimal diversity exists between Defendants and the members of the putative class under 28 U.S.C. § 1332(d)(2)(A). Under CAFA, diversity of citizenship is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "The term 'principal place of business' means 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" *Martinez v. Michaels*, 2015 WL 4337059, at *3 (C.D. Cal. July 15, 2015) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).

13. Trader Joe's is a California corporation with its headquarters located in California. *See* Compl. ¶ 3 (alleging that Trader Joe's is a "California corporation…"). Accordingly, Trader Joe's is a citizen of California for diversity purposes.

14. Additionally, TACT is a California corporation with its headquarters

located in California. *See* Compl. ¶ 4 (alleging that TACT "is headquartered and has its principal place of business in California.").

15.  Plaintiff has brought this action on behalf of a nationwide class of "[a]ll U.S. citizens who purchased the Product in their respective state of citizenship on or after January 1, 2012…" *Id.* ¶ 98. The Product is sold throughout the United States, including in states other than California.  Thus, at least one member of the proposed class is from a state other than California, thereby satisfying minimal diversity for purposes of CAFA jurisdiction.  *See* 28 U.S.C. § 1332(d)(2)(A).

## The Amount in Controversy Exceeds $5,000,000

16.  The amount in controversy in this action satisfies CAFA's $5,000,000 jurisdictional threshold.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  To determine the amount in controversy, courts first look to the complaint and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (citation omitted).  Accordingly, "in assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citation omitted).  Where a complaint does not specify the amount of damages sought, the removing defendant need only establish that it is more likely than not that the amount in controversy requirement has been met. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  "The removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).

17. While Trader Joe's contends that the allegations in the Complaint are without merit and that neither Plaintiff nor the putative class members have suffered any injury whatsoever, the amount in controversy here exceeds $5,000,000. Here, Plaintiff seeks to represent a nationwide class of customers who purchased the allegedly deceptive Product during the putative class period—January 1, 2012 to the present. Compl. ¶ 98. Trader Joe's gross nationwide sales of the Product during the putative class period were in excess of $5,000,000. *See Watkins v. Vital Pharmaceuticals, Inc.,* 720 F.3d 1179, 1181-82 (noting that an undisputed declaration from Defendants that the total sales of products during the class period exceeded $5 million was "sufficient to establish that CAFA's $5 million amount in controversy requirement is met."). In addition, Plaintiff seeks to recover her attorneys' fees, which contribute to the alleged amount in controversy. *Id.* at 25 (Prayer for Relief); *see Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F3d 994, 1000 (9th Cir. 2007) (including attorneys' fees in calculating amount in controversy), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013); *Kroske* v. *US. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (including attorney's fees in amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (including attorneys' fees in calculating the amount in controversy requirement for traditional diversity jurisdiction).

18. Plaintiff also seeks punitive damages. Compl. at 25 (Prayer for Relief). Potential punitive damages are properly included in the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

19. Finally, Plaintiff seeks injunctive relief "enjoining Defendants' deceptive and unfair practices" and "requiring Defendants to conduct corrective advertising." Compl. at 25 (Prayer for Relief). The cost of compliance with such an injunction further adds to the amount in controversy. *See, e.g., Bayol v. ZipCar, Inc.*,

2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) ("[A] defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy.").

20. Thus, while Trader Joe's disputes it is liable to Plaintiff or any putative class member—or that Plaintiff or any putative class member suffered injury or incurred damages in any amount whatsoever—to the extent that the gross nationwide sales of the Product during the class period exceeds $5,000,000—and to the extent that Plaintiff seeks attorneys' fees, punitive damages, and requests injunctive relief—the amount in controversy is in excess of the $5,000,000 threshold for satisfying CAFA's jurisdictional prerequisites.

## No Exception to CAFA Applies

21. Although CAFA contains several exceptions, which, where applicable, may prevent the Court from exercising jurisdiction under CAFA, these exceptions do not impose additional jurisdictional requirements. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) ("[T]he provisions set forth in §§ 1332(d)(3) and (4) are not part of the prima facie case for establishing minimal diversity jurisdictional under CAFA, but, instead, are exceptions to jurisdiction."). Rather, it is plaintiff's burden to demonstrate that an exception to CAFA applies. *Id.* at 1023–24 (requiring the party seeking remand to demonstrate the applicability of the "home state" and "local controversy" exceptions to CAFA); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008). Plaintiff here will not be able to demonstrate that an exception to CAFA applies.

## OTHER PROCEDURAL REQUIREMENTS

22. *Venue*. Plaintiff filed this action in the Superior Court of the State of California, County of San Diego. This action is thus properly removed to the United States District Court for the Southern District of California, which embraces San Diego County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

23. *Joinder*. Because there are no other named defendants in this action

other than Trader Joe's and TACT, no consent to removal is necessary. The Doe defendants, who have not been named or served, need not consent to this Notice of Removal. *See Soliman v. Philip Morris*, *Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

24. *Notice*. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of Court for the Superior Court for the State of California, County of San Diego and served upon counsel for Plaintiff.

## CONCLUSION

For the reasons stated above, this action is within this Court's original jurisdiction and meets all requirements for removal, such that removal is proper under 28 U.S.C. §§ 1332(d), 1441(a), and 1446. Accordingly, Defendants respectfully remove this action from the Superior Court for the State of California, County of San Diego, to this Court.

Dated: May 4, 2018

DAWN SESTITO
R. COLLINS KILGORE
O'MELVENY & MYERS LLP

By: /s/ Dawn Sestito
   Dawn Sestito
Attorneys for Defendants
TRADER JOE'S COMPANY and
T.A.C.T. Holding, Inc.