# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA WONG, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY; T.A.C.T. HOLDING, INC.; DOE DEFENDANTS 1 through 5,<br><br>Defendants. | Case No.: 18-CV-869 JLS (JLB)<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>(ECF No. 9) |

Presently before the Court is Plaintiff's Unopposed Ex Parte Motion for Appointment of Interim Class Counsel, ("Ex Parte MTN," ECF No. 9). The Law Offices of Ronald A. Marron request to be appointed as interim class counsel for the putative class.

**BACKGROUND**

On March 22, 2018, Plaintiff filed a complaint in state court against Defendants Trader Joe's Company and T.A.C.T. Holding, Inc. Defendants removed the complaint to this court. In sum, Plaintiff alleges Defendants' product, Ts & Js Sour Gummies, violates various California laws because it contains an undisclosed artificial flavoring ingredient called d-l malic acid. (Ex Parte MTN 2.) Plaintiff seeks to represent a nationwide class defined as "[a]ll U.S. citizens who purchased the Product in their respective state of

1

citizenship on or after January 1, 2012 and until the Class is certified, for personal use and not for resale" as well as a California sub-class. (*Id.* at 3.)

On July 11, 2018, another case was filed in the Central District of California, *Sanchez v. Trader Joe's Company* et al., 18cv6050. The complaint in this case also alleges the Ts & Js Sour Gummies contain an undisclosed flavoring ingredient called d-l malic acid. Plaintiff Sanchez seeks to represent a nationwide class defined as "[a]ll persons residing in the United States who purchased Trader Joe's T's & J's Sour Gummies for personal use and not for resale during the time period July 11, 2014 through the present" as well as a California sub-class. (*Id.*)

Due to both pending cases, counsel in the present case seeks to be appointed as interim class counsel.

## LEGAL STANDARD

Prior to class certification, the Court may designate an interim counsel on behalf of a putative class. Fed. R. Civ. P. 23(g)(3). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation § 21.11 (4th ed. 2004)). While Rule 23(g)(1) applies to class counsel and does not address interim class counsel, courts look to Rule 23(g)(1) factors to appoint interim class counsel. *See Parkinson v. Hyundai Motor Am.*, No. CV06–345AHS(MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug 7, 2006).

In making this determination, the court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

2

## ANALYSIS

There are no lawyers competing for class counsel appointment at this time, and counsel in this case does not state whether he has conferred with counsel in the *Sanchez* matter. The Manual for Complex Litigation states "[i]f the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." Manual for Complex Litigation § 21.11 (4th ed. 2004). The court in *Burns v. Navistar, Inc.* analyzed a similar situation to the one here. No. 10CV2295-LAB(BGS), 2011 WL 13071147 (S.D. Cal. Feb. 24, 2011). The court held that because there "is but one case now before the Court, . . . there is little confusion that it is the responsibility of [current counsel] to protect the interests of the putative class through the discovery, certification, and motions process." *Id.* at *2. The pendency of a duplicative lawsuit "does not obfuscate this responsibility or impede[] [counsel's] discharge of it." *Id.* In contrast, the court found the appointment of interim class counsel is supported "when related cases have been consolidated in a single court" which had not happened. *Id.; see also Hohenberg v. Ferrero U.S.A., Inc.*, No. 11-CV-205 H (CAB); 2011 WL 1314161, at *2 (S.D. Cal. Mar. 22, 2011) (appointing the law offices of Ronald A. Marron and the Weston Firm as interim lead co-class counsel and finding "[t]he appointment of interim class counsel is appropriate here, as there are multiple class actions that are being consolidated into a single action").

The same is true here. The Ronald Marron Firm has the obligation of protecting the interests of Ms. Wong and the putative class members in this case, regardless of the pendency of the *Sanchez* matter. Given the procedural posture of this case and because there is no requested consolidation of the matters, the Court **DENIES WITHOUT PREJUDICE** the Ex Parte Motion for Appointment of Interim Class Counsel.

**IT IS SO ORDERED.**

Dated: July 27, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge